**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

           Plaintiff,

                              **MEMORANDUM OPINION**
v.                             **AND ORDER**
                              Criminal No. 11-218(1) ADM/TNL
Richard Allen Kay,             Civil No. 14-3650 ADM

           Defendant.

_____

Steven L. Schleicher, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Richard Allen Kay, *pro se*.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Richard Allen Kay's ("Kay") 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence ("2255 Motion") [Criminal Docket No. 248].[1] Kay alleges ineffective assistance of counsel based on: 1) counsel's failure to inform Kay of the possibility of an additional one-level sentence reduction to the total offense level pursuant to United States Sentencing Guideline § 3E1.1(b); 2) failure to argue for the additional offense level departure pursuant to § 3E1.1(b) at sentencing and on appeal; and 3) counseling Kay to plead guilty without a plea agreement from the Government. Kay also alleges that the Government acted vindictively, improperly, arbitrarily, and in bad faith for refusing to move for reduction of an additional offense level for acceptance of responsibility, and that § 3E1.1(b) is unconstitutional as applied. For the reasons set forth below, Kay's Motion is denied.

---

[1] All docket citations hereinafter are to the Criminal Docket.

## II.  BACKGROUND

Kay was charged in a Superseding Indictment with 13 counts of offenses related to a controlled substance distribution conspiracy and conspiracy to engage in interstate transportation of stolen goods.  See Superseding Indictment [Docket No. 93].  The Superseding Indictment specifically charged Kay with possession and intention to distribute 1000 kilograms or more of a mixture or substance containing marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  Id. 1–2.

Kay's jury trial was scheduled to begin on Thursday, February 2, 2012 [Docket No. 118].  Leading up to trial, Kay's attorney and the Government discussed a possible plea agreement.  On Friday, January 27, 2012, the Government extended Kay a plea agreement that was to expire on January 30, 2012.  2255 Motion Exs. A, B, C.  Kay ultimately rejected the Government's proposal, instead opting to plead guilty on January 31, 2012, without any formal plea agreement with the Government.  Change of Plea Hr'g [Docket No. 122].

On June 15, 2012, Kay was sentenced to 200 months of imprisonment, to be followed by a five year supervised release term.  Sentencing J. [Docket No. 178].  Kay appealed his sentence to the Eighth Circuit, which affirmed his conviction on June 25, 2013.[2]  United States v. Kay, 717 F.3d 659 (8th Cir. 2013).  Kay's petition for rehearing en banc was denied on July 31, 2013.  Id.  Kay's sentence therefore became final on October 29, 2013, 90 days after the en banc petition was denied.  Kay's motion pursuant to 28 U.S.C. § 2255 was filed on September 22, 2014.

---

[2] While the length of imprisonment was affirmed, the Eighth Circuit vacated a portion of Kay's financial penalty for reasons unrelated to the discussion here.  United States v. Kay, 717 F.3d 659, 666 (8th Cir. 2013).

### III.  DISCUSSION

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of her sentence.  See United States v. Addonizio, 442 U.S. 178, 185 (1979).  Relief is reserved for violations of constitutional rights and for a narrow range of injuries which were outside a direct appeal and which, if untreated, would result in a miscarriage of justice.  See Poor Thunder v. United States, 810 F.2d 817, 821-22 (8th Cir. 1987).  "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'"  Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

**A.     Ineffective Assistance**

    **1.     Failure to Inform**[3]

Kay first argues that his attorney failed to inform him of the possibility of obtaining an additional one-level sentence reduction under U.S.S.G. § 3E1.1(b) for timely acceptance of responsibility.  In support, Kay attested that had he been properly advised of § 3E1.1(b), he "would have [pled] guilty immediately after the superseding indictment . . . in order to not jeopardize [his] potential to receive the full 3 point sentencing reduction for acceptance of responsibility."  Kay Aff. [Docket No. 250] ¶ 4.  The Government responds by asserting that

---

[3] The record reflects that Kay likely understood the benefit of accepting responsibility in a timely manner.  Significantly, the plea agreement proposed by the Government on January 27, 2012 included the § 3E1.1(b) reduction Kay claims he was never informed about.  See 2255 Motion Ex. C  Kay does not claim that his attorney failed to discuss this plea agreement with him.  Ultimately, Kay rejected the Government's proposal.

Kay's sentence would have been the same even if his sentencing guideline range was reduced by one offense level because the 200 month term Kay received was within his sentencing guideline range of 168 to 210 months, the applicable range had he received an additional one level reduction.

In <u>Strickland v. Washington</u>, the Supreme Court set forth the standard for claims of ineffective assistance of counsel. 466 U.S. 668 (1984). To properly demonstrate a claim, a defendant must show that his attorney's representation fell below an objective standard of reasonableness. <u>Id.</u> at 687-88. The defendant must also demonstrate that a reasonable probability exists that but for the attorney's errors, the result of the proceeding would have been different. <u>Id.</u> at 694.

Kay was sentenced to 200 months imprisonment under the applicable guideline range of 188 to 235 months. Section 3E1.1(b)'s additional one-level sentence reduction would have lowered Kay's guideline range to 168 to 210 months. At sentencing, the Court stated: "the number and different types of crimes involved here merit a sentence that accounts for that behavior and therefore I think 200 months is significant without more than necessary to accomplish the objectives of justice." Tr. Evidentiary Hr'g & Sentencing [Docket No. 190] at ¶ 42. In calculating Kay's sentence, the severity and scale of the crimes predominately determined the sentence, not the advisory range of the sentencing guidelines. While pleading guilty early would have potentially lowered the guideline range, it would neither have impacted the seriousness of the crimes Kay committed nor would it have altered the sentence necessary to accomplish the objectives of justice. Thus, Kay has failed to show a reasonable probability that but for the attorney's errors, the result of the proceeding would have been different.

### 2. Failure to Argue

Kay's second ineffective assistance of counsel argument is based on the failure of his counsel to argue for the additional one-level sentence reduction at sentencing and on appeal. Kay believes his attorney should have argued for the reduction because he "timely notif[ied] authorities of his intention to enter a plea of guilty." Kay contends his change of plea was timely because the change of plea notice was docketed on January 30, 2012 [Docket No. 121], the same day the proposed plea agreement with the one-level departure was set to expire.

This argument fails Strickland's first prong as failing to argue for the additional reduction does not fall below an objective standard of reasonableness. Counsel's actions were not objectively unreasonable because such argument is meritless. See Thomas v. United States, 951 F.2d 902, 905 (8th Cir. 1991) ("Counsel's failure to raise . . . meritless issues does not constitute ineffective assistance."). The argument that Kay was entitled to a one-level sentence reduction is meritless for at least three reasons.

First, the benefits of the proposed plea agreement were only available if the agreement was accepted. Kay declined to accept the Government's proposal, and thus Kay is not entitled to any of its benefits.

Second, Kay's position fails to account for the rationale of § 3E1.1(b)'s one-level reduction. This rationale provides incentive for early guilty pleas to avoid expending governmental and judicial resources to prepare for trial. U.S.S.G. § 3E1.1(b). Kay notified the Court of his intent to change his plea on January 30, 2012. This notification came more than six months after the original indictment was filed, nearly two months after the Superseding Indictment was filed, and after the Government responded to Kay's numerous motions to the

Court. Voir dire and jury selection were scheduled to begin on February 2, 2012, only three days after Kay pled guilty. At this stage, the preservation of Government resources was minimal at best. See United States v. Brown, 148 F.3d 1003, 1007 (8th Cir. 1998) ("The government was forced to proceed, up until the very morning of trial, as though it would be required to prove [defendant's] guilt beyond a reasonable doubt on no less than ten separate counts. Without question, such preparation consumed substantial time, energy, and resources of the government.").

Kay's assertion that the Government's expenditure of resources as to him was low because the Government had to prepare for other defendants associated with the same criminal conspiracy is meritless. See id. ("The presence of an additional defendant against whom a case must be proved by no means suggests that the government's efforts to prepare that case for trial are somehow duplicative of efforts to prepare similar cases against co-defendants, particularly where, as here, the defendant is the *purported leader* of a multiple-actor criminal conspiracy.") (emphasis added).

Third, under § 3E1.1(b), to receive the one-level reduction in sentencing the Government must move for the reduction. The Government made no such motion because it had no agreement with Kay. Thus, had Kay's counsel made these arguments at the sentencing hearing and on appeal, they would have been fruitless. For these reasons, Kay's ineffective assistance of counsel claim based on his counsel's alleged failure to argue for § 3E1.1(b)'s one-level reduction on sentencing and on appeal fail as a matter of law.

    **3.**    **Pled Guilty Without Consideration**

Kay's final ineffective assistance of counsel argument is that his attorney improperly

advised him to plead guilty without a plea agreement with the Government. Kay's argument fails as he did receive consideration for his guilty plea. The Government moved for the two-level reduction based on acceptance of responsibility under § 3E1.1(a). This reduced Kay's offense level from 36 to 34.

The comments to § 3E1.1(a) provide "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction . . . will constitute significant acceptance of responsibility." Id. cmt. 3. The comments also provide "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial . . . is convicted, and only then admits guilt . . . ." Id. cmt. 2. Had Kay not pled guilty and instead gone to trial, he would not have been eligible for this additional two-level reduction in his sentence. This is sufficient consideration for his plea of guilty. Thus, Kay's claim of ineffective assistance of counsel in pleading guilty without a plea agreement is without merit.

**B.     Government Actions**

Kay argues that the Government acted vindictively, improperly, arbitrarily, and in bad faith in its refusal to move for the additional one-level sentence reduction for acceptance of responsibility under § 3E1.1(b).[4] The Government argues that its decision not to move for the reduction was based on Kay's delay in entering his guilty plea.

Section 3E1.1(b) states:

---

[4] Kay also argues that his constitutional rights were violated when he was not granted the departure in sentencing due to his failure to supply the Government with information. However, this Circuit has "consistently found that § 3E1.1(b) does not violate the [Fifth Amendment of the] constitution." United States v. McQuay, 7 F.3d 800, 802 (8th Cir. 1993).

> If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1(b).  Under § 3E1.1(b), "the government *may* move to reduce a defendant's offense level."  U.S. v. Moore, 683 F.3d 927, 931 (8th Cir. 2012) (emphasis added).  The rule vests the Government with discretion to determine whether such a reduction is warranted; reasoning that the Government is "in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial."  Id.  For the Government to move for the reduction, notice by the defendant of an intent to plead guilty "will occur particularly early in a case."  Id.  (quoting U.S.S.G. § 3E1.1(b), cmt. (n.6)).  The Government may refuse to file a § 3E1.1(b) motion in cases where such refusal is rationally related to a legitimate governmental end.  Id. at 931.

Here, the Government was required to engage in "significant preparation in anticipation of trial."  Government Position on Sentencing [Docket No. 161] ¶ at 2.  The Government's refusal to move for the additional one-level reduction was based on the considerable resources the Government expended preparing for trial.  Kay's claim that the Government acted improperly fails.

## C.  Constitutionality

Finally, Kay argues that § 3E1.1(b) is unconstitutional as applied because defendants are left to guess as to when a plea shifts from timely to untimely for purposes of § 3E1.1(b).  Kay argues for a "bright-line" rule requiring trial courts to set dates in which a defendant's timely

notice of intent to plead guilty will expire. 2255 Motion ¶¶ 10–11. Kay's proposal eviscerates the clear discretion given to the prosecution in § 3E1.1(b).

As discussed, § 3E1.1(b) provides the prosecution an opportunity to move for a one-level departure if the defendant's assistance in timely entering a guilty plea allows the government to avoid preparing for trial. Flexibility in § 3E1.1(b)'s application is necessary, as all cases are different. Indeed, "[t]he timeliness of the defendant's acceptance of responsibility is . . . context specific." U.S.S.G. § 3E1.1(b), cmt. (n.6). What may be adequate time to prevent the Government from engaging in significant trial preparation in one case may be less than adequate in another. Section 3E1.1(b)'s discretionary language affords the Government the opportunity to decide whether to move for the additional one-level reduction, based on the level of preparation it engaged in for that specific case. To force a "bright-line" rule upon the Government regarding the timeliness of a defendant's guilty plea would eliminate that discretion.

## IV.  CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this 2255 Motion differently, or that any of the issues raised in Kay's petition would be debatable among reasonable jurists. Thus, the Court declines to grant a certificate of appealability.

## V. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Richard Allen Kay's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 248] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 27, 2015.