## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

                    Plaintiff,

                                                    **MEMORANDUM OPINION**
         v.                                         **AND ORDER**
                                                    Criminal No. 11-218(1) ADM/TNL
Richard Allen Kay,

                    Defendant.
_____

Erin M. Secord, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Richard Allen Kay, pro se.
_____

# I.  INTRODUCTION

        This matter is before the undersigned United States District Judge for a ruling on Richard

Allen Kay's ("Kay") Objection to Garnishment and Motion to Quash Same [Docket No. 320].

Kay objects to the Amended Order on Writ of Garnishment [Docket No. 310] granting the

Government's Amended Application for Writ of Garnishment [Docket No. 309], and requests an

order quashing the writ.  For the reasons set forth below, Kay's Objection is sustained, the

Government's Writ of Garnishment is quashed, and the Amended Order on Writ of Garnishment

is vacated.

# II.  BACKGROUND

        Kay was charged in a 13 count Superseding Indictment with conspiracy offenses related

to both distribution of controlled substances and interstate transportation of stolen goods.  See

Superseding Indictment [Docket No. 93].

        After pleading guilty, Kay was sentenced to 200 months imprisonment, to be followed by

a five year supervised release term on June 15, 2012, .  See Sentencing J. [Docket No. 178].  Kay

was also ordered to pay a $500,000 fine and $300,000 in restitution.  Id.  Under the Sentencing

Judgment's Schedule of Payments, Kay's monetary penalties were due:

> Over the period of incarceration, the defendant shall make payments of either
> quarterly installments of a minimum of $25 if working non-UNICOR or a
> minimum of 50% of monthly earnings if working UNICOR.[1]  It is recommended
> that the defendant participate in the Inmate Financial Responsibility Program
> while incarcerated.

> Payments of not less that $50 per month are to be made over a period of 5 years
> commencing 30 days after release from confinement.

Id.

On June 28, 2012, Kay appealed his sentence.  See Notice of Appeal [Docket No. 183].

The Eighth Circuit affirmed Kay's sentence and $300,000 restitution award, but vacated and

remanded the $500,000 fine because the record did not include the required evidentiary support

on Kay's ability to pay.  United States v. Kay, 717 F.3d 659, 666 (8th Cir. 2013).  After

receiving the Eighth Circuit's decision, the Government stated that it intended to schedule a

status conference with the Court regarding the fine.  The record does not reflect that any status

conference was held.

Nearly two years later, an Amended Sentencing Judgment [Docket No. 273] was entered

on March 12, 2015 to reflect that the $300,000 restitution amount was due joint and severally

with Kay's sister, Michelle Marie Kay, who was sentenced on March 12, 2015 for aiding and

abetting interstate transportation of stolen goods.  See United States v. Kay, No. 14-cr-0070.

Because the issue of vacating the fine in the Judgment was apparently not addressed after the

Eighth Circuit's decision, the Amended Sentencing Judgment also included the $500,000 fine.

---

[1] UNICOR is the trade name for Federal Prison Industries, a Government corporation that
sells services and goods made by inmates.

On April 8, 2016, the Government wrote a letter to Kay explaining that the Federal Debt Collection Procedures Act ("FDCPA") authorized the Government to force immediate payment of the total amount of his criminal monetary penalties.  See Scott Decl. [Docket No. 322] Ex. A. The letter further provided that if payment in full was not received within 20 days, the Government would be authorized to enforce collection of the entire judgment through garnishment.  Id.  Kay did not pay as demanded.

On July 12, 2016, the Government applied for a Writ of Garnishment [Docket No. 297], naming Edward Jones, the investment company, as garnishee.  The Government claimed that the judgment balance was $800,225.00, and that Edward Jones is believed to possess money or property in which the Government has a non-exempt interest.  The Writ was granted on July 14, 2016.  See Order [Docket No. 298].  Kay later Objected [Docket No. 302] and challenged the validity of the debt, arguing that he did not owe $800,225.00 because the Eighth Circuit had vacated the $500,000 fine.  The Government then acknowledged that the Eighth Circuit vacated the fine and stated that it did not have additional evidence to proffer concerning Kay's ability to pay.  See Letter [Docket No. 305].  The Government therefore agreed that the fine should be removed from the Amended Sentencing Judgment.  On September 6, 2016, a Second Amended Sentencing Judgment [Docket No. 308] was entered removing the $500,000 fine.  The special assessment and restitution amounts were unchanged, as were the payment terms and that joint and several liability applied.

On September 22, 2016, the Government filed an Amended Application for Writ of Garnishment, which the Court granted on September 23, 2016.  On November 3, 2016, Edward Jones answered the Writ and stated that it held a brokerage account for Kay valued at $1,529.13

and a Roth Individual Retirement Account with a market value of $6,792.52.  See Am. Answer
[Docket No. 314].

On December 16, 2016, a Third Amended Sentencing Judgment [Docket No. 319] was
entered.  This Judgment reflects a 44-month sentence reduction due to a sentencing guideline
amendment ruled applicable to Kay's drug case.  See Order [Docket No. 294].  The financial
penalties and repayment obligations remained the same.

Kay now objects to the Order granting the Government's Amended Application for Writ
of Garnishment.  Kay also requests that the writ be quashed.[2]

### III.  DISCUSSION

The Government argues that it is authorized by statute to garnish Kay's brokerage
accounts to aid in satisfying his restitution obligation.  Kay disagrees and argues that the
Government's position impermissibly contravenes the installment payment plan established by
the Court at sentencing.  According to Kay, because he has not defaulted on his payment plan,
the Government lacks authority to garnish his Edward Jones accounts.  The Government
responds that because the Judgment requires full and immediate payment of the full amount of
restitution, its efforts to garnish Kay's brokerage accounts are permitted.

Pursuant to 18 U.S.C. § 3664(m)(1)(A)(i)–(ii), the Government is authorized to enforce

---

[2] The Government, it its Response [Docket No. 321], argues that because Kay's motion
to quash does not comply with this District's Local Rules, it is not properly before the Court.
The Court disagrees.  Because Kay, proceeding pro se, is afforded some leniency in complying
with local rules, and the Court maintains discretion in enforcing the local rules.  See Reasonover
v. St. Louis Cty., Mo., 447 F.3d 569, 579 (8th Cir. 2006) (noting that judges have "broad
discretion to set filing deadlines and enforce local rules"); Anderson v. Bristol, Inc., 936 F. Supp.
2d 1039, 1046 n.2 (S.D. Iowa 2013) (stating that "the Court grants leniency to pro se litigants
and may excuse failures to comply with local rules").

restitution in the same manner that it recovers fines and "by all other available and reasonable means." The Government may also, under 18 U.S.C. § 3613(a), collect "restitution in accordance with the practices and procedures for the enforcement of a civil judgment under Federal or State law, including the Federal Debt Collection Procedures Act of 1990." United States v. Ekong, 518 F.3d 285, 286 (5th Cir. 2007) (quotations omitted). This includes garnishment. "A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).

The Government must fulfill preliminary requirements before garnishment can be used to satisfy criminal restitution obligations. One prerequisite is 28 U.S.C. § 3205(b)(1)(C), which requires at least 30 days to have elapsed between demand for payment and the debtor's failure to pay before a writ of garnishment is proper. The Government argues that Kay's failure to pay restitution in full after the Government's demand letter satisfies § 3205(b)(1)(C). In support of its argument, the Government relies upon a body of authority that is factually similar to this case, but with one crucial difference: the sentencing judgment in those cases specified that restitution was "due immediately." In this case, the sentencing judgment provides that minimum payments are due in quarterly installments while incarcerated and monthly installments after release from confinement and is silent on when the full amount is due. This is vital because "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1) (emphasis added). In United States v. Quam, 127 F.

Supp. 3d 999, 1000 (D. Minn. 2015), for example, the defendant's schedule of payments ordered

that restitution was "due immediately" in accordance with special instructions that established an

installment payment plan.  Similar "due immediately" language is found in the judgment in

nearly every other case cited by the Government.  See, e.g., United States v. Lawrence, 538 F.

Supp. 2d 1188, 1192 (D.S.D. 2008) (restitution "to be made 'in full immediately'"); United

States v. Hawkins, 392 F. Supp. 2d 757, 758 (W.D. Va. 2005) (supporting conclusion that

garnishment was warranted because "restitution here was ordered due 'in full immediately'");

United States v. Laws, 352 F. Supp. 2d 707, 711 (E.D. Va. 2004) ("The Court found as part of its

Judgment that restitution . . . was due and payable immediately.").

   For this same reason, Ekong, a case the Government relies upon heavily, is

distinguishable.  In Ekong, the defendant's payment plan was triggered only if the defendant had

not paid the full restitution amount by the time she began supervised release.  See United States

v. Martinez, 812 F.3d 1200, 1207 (10th Cir. 2015) (citing language from the Judgment in Ekong

that was omitted from the Fifth Circuit's decision).  The Martinez Court criticized Ekong's

limited analysis, stating that it:

> is impossible to tell . . . whether the Fifth Circuit reached this conclusion because it
> (1) agreed with the government that the judgment required immediate payment of the
> full restitution amount, requiring installments only if the defendant failed to pay the
> full amount by the time she began supervised release or (2) concluded that the
> government could garnish the full restitution amount in all cases, regardless of the
> language of the restitution order.

Id. at 1208.

   The Government's reliance upon the laconic reasoning of Ekong is unpersuasive in light

of other authority reasoning why "due immediately" language in the judgment is critical.  In

Martinez, the defendant was ordered to pay restitution in monthly installments based on a

6

percentage of his disposable income.  Id. at 1201.  After being released from prison, but still

under the income-based repayment plan, the Government served writs of garnishment on two of

the defendant's retirement accounts.  Id.  Central to the Tenth Circuit's decision to quash the

garnishments was that in both the judgment and at sentencing, the district court did not order the

defendant's full restitution amount to be due immediately.  Id. at 1201–04.  Rather, in Martinez,

as is the case here, restitution was ordered to be repaid in accordance with a payment plan

specified in the judgment with no reference as to when the full amount was due.  Id. at 1204.

The Tenth Circuit noted that, under the statutory framework governing restitution orders, such an

installment plan does not create an immediately enforceable debt for the full restitution amount.

Id. at 1204–05.  Under 18 U.S.C. § 3664, the court is directed by statute to determine how and

when restitution is to be paid.  On the other hand, "[t]he government has statutory authority to

enforce only the terms of a restitution order, not to take an enforcement action that would exceed

a restitution order's payment terms."  Martinez, 812 F.3d at 1207.

In United States v. Behrens, 656 F. App'x 789, 790 (8th Cir. 2016), the Eighth Circuit

affirmed the Government's writ of garnishment to collect a portion of the defendant's restitution

debt.  In so doing, Behrens recognized the critical difference between Martinez and Ekong:

> [T]he payment schedule set forth in the judgment did not preclude the instant
> garnishment, because the judgment specified that the amount owed was due in full
> on the date of judgment; and notably, the judgment imposed the obligation to make
> installment payments without limiting the government's ability to institute civil
> collections proceedings.  Compare [Martinez, 812 F.3d at 1202–08] (holding that
> government could not garnish assets beyond amount currently due under installment
> schedule when restitution order did not create immediately enforceable debt for full
> restitution amount), with [Ekong, 518 F.3d at 283] (rejecting debtor's contention that
> installment plan prevented garnishment because nothing in criminal judgement [sic]
> was contrary to statutes allowing government to enforce victim restitution orders
> under FDCPA).

Behrens, 656 F. App'x at 790.  Other cases have held similarly.  See United States v. Villongco, No. 07-009, 2016 WL 3747508, at *6–11 (D.D.C. July 11, 2016) (quashing the Government's writ of garnishment because the defendant was compliant with the restitution order requiring periodic, rather than immediate, payments); United States v. Roush, 452 F. Supp. 2d 676, 678, 680–82 (N.D. Tx. 2006) (holding that the Government could not garnish funds co-owned by the incarcerated defendant because, under the payment plan ordered by the court, restitution payments were scheduled to begin after the defendant was released from imprisonment).

Consistent with Martinez, the Government incorrectly asserts that Kay's Judgment requires full and immediate payment of the full amount of restitution.[3]  The statutory framework authorizes only the Court to determine how a defendant pays restitution; the Government is limited to enforcing only what the Court has ordered.  Martinez, 812 F.3d at 1207.  Since the Judgment in this case specified that Kay's repayment was due only in installments, the full restitution amount was not due immediately.

The Government does not allege that Kay has defaulted on his repayment plan. Therefore, the Government is precluded from seeking the full restitution amount immediately. See id. § 3572(i) ("Notwithstanding any installment schedule, when a fine or payment of restitution is in default, the entire amount of the fine or restitution is due within 30 days after

---

[3] The Government contends that Kay's arguments are illogical because, under his current repayment plan, it would take him hundreds of years to pay off his restitution amount, which would contravene the Mandatory Victims Restitution Act's objective to provide victims full and timely restitution.  While the Government is correct that Kay's current repayment plan would take centuries to satisfy his restitution obligation, Kay's repayment plan is subject to modification.  See 18 U.S.C. § 3664(k).  Finally, the Government could have argued at sentencing that restitution should be due in full immediately subject to a payment plan.  If that was adopted, this case would likely fall lockstep with Quam, Lawrence, and the other cases relied upon by the Government.

notification of the default").  Accordingly, because the restitution order requires Kay to pay his restitution obligation in quarterly installments while incarcerated and monthly installments once released from confinement, and because Kay has fully complied with this requirement, the Government may not garnish Kay's brokerage accounts to satisfy a judgment in a manner not contemplated in the restitution order.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Richard Allen Kay's Objection to Garnishment and Motion to Quash Same is **SUSTAINED**.  The Government's Amended Application for Writ of Garnishment [Docket No. 309] is **QUASHED**.  The Amended Order [Docket No. 310] is **VACATED**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 3, 2017.